# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-1041V
Filed: April 24, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| CHRISTINE HALEY, | * |
| | * |
| Petitioner, | *   Damages Decision Based on Proffer; |
| | *   Influenza or Flu Vaccine; Adhesive |
| | *   Capsulitis; Shoulder Injury Related to |
| SECRETARY OF HEALTH | *   Vaccine Administration; SIRVA; |
| AND HUMAN SERVICES, | *   Special Processing Unit |
| | * |
| Respondent. | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Joseph Pepper, Esq. (acting for Ronald Homer), Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioner.*
*Ann Martin, Esq., U.S. Department of Justice, Washington, DC for respondent.*

## DECISION AWARDING DAMAGES[1]

**Vowell**, Chief Special Master:

On October 27, 2014, Christine Haley filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that she suffered adhesive capsulitis which was caused by the flu vaccine she received on January 16, 2013. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 2, 2015, I issued a ruling on entitlement, finding petitioner entitled to compensation for her shoulder injury related to vaccine administration ["SIRVA"]. On April 24, 2015, respondent filed a proffer on award of compensation ["Proffer"] indicating petitioner should be awarded $127,082.86 "which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a)." Proffer at 1.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $127,082.86 in the form of a check payable to petitioner, Christine Haley.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**s/Denise K. Vowell**
Denise K. Vowell
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| CHRISTINE HALEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 14-1041V |
| v. ) | Chief Special Master Vowell |
| ) | ECF |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.   Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded $127,082.86, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1]  Petitioner agrees.

**II.   Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment of $127,082.86 in the form of a check payable to petitioner. Petitioner agrees.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

                                                        VINCENT J. MATANOSKI
                                                        Deputy Director
                                                        Torts Branch, Civil Division

                                                        MICHAEL P. MILMOE
                                                        Senior Trial Counsel
                                                        Torts Branch, Civil Division

                                                        <u>s/ ANN D. MARTIN</u>
                                                        ANN D. MARTIN
                                                        Senior Trial Attorney
                                                        Torts Branch, Civil Division
                                                        U.S. Department of Justice
                                                        P.O. Box 146
                                                        Benjamin Franklin Station
                                                        Washington, D.C.  20044-0146
                                                        Tel.: (202) 307-1815

DATED:  April 24, 2015