# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 14-1041V
### Filed: October 16, 2015
### UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

CHRISTINE HALEY,                          *
                                          *
                    Petitioner,           *
          v.                              *
                                          *       Attorneys' Fees and Costs;
SECRETARY OF HEALTH                       *       Special Processing Unit ("SPU")
AND HUMAN SERVICES,                       *
                                          *
                    Respondent.           *
                                          *

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Ronald Craig Homer, Conway, Homer & Chin-Caplan, P.C., Boston, M.A., for petitioner.*
*Ann Donohue Martin, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On October 27, 2014, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act"].  Petitioner alleged that she received an influenza ("flu") vaccine on January 16, 2013, and thereafter suffered adhesive capsulitis, which was caused in fact by the flu vaccine.  Petition at 1, 9.  On April 24, 2015, a decision was issued awarding compensation to petitioner based on respondent's proffer.

On September 18, 2015, petitioner moved for attorneys' fees and costs. (ECF No. 28).  Petitioner applied for attorneys' fees amounting to $13,628.00, attorneys' costs

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, that material will be removed from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

in the amount of $243.24, and petitioner's costs amounting to $400.00.  *Id*. at 1.  On October 5, 2015, respondent filed a response to petitioner's application for fees and costs. (ECF No. 29).

Although respondent states that she stands by the arguments she put for in <u>M.S.S. v. HHS, No. 01-707V</u>, current pending before the undersigned, she declined in light of the decision in *McCulloch v. HHS*, No. 09-293v, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), to further litigate that issue and instead "respectfully defers to the special master's statutory discretion in determining a reasonable fee award for this case." *Id*. at 2.  Respondent further indicated that "nothing contained in this response should be construed as an admission, concession, or waiver by respondent as to any of the matters raised by the instant Fee Application, including but not limited to, the hourly rates requested, the number of hours requested, and other litigation related costs" (*Id*. at 2, fn. 1), but she did not actually raise any objection in her response to the number of hours billed by petitioner's counsel or to any of the costs attributed to either petitioner or her counsel.

On October 7, 2015, the undersigned indicated agreement with the analysis in the *McCulloch* decision and ordered petitioner to file a supplemental application for attorneys' fees and costs utilizing the rates awarded in *McCulloch*. (ECF No. 30). Petitioner submitted her supplemental application on October 9, 2015. (ECF No. 31).

In her supplemental application for fees and costs, petitioner requests attorneys' fees amounting to $13,911.00, attorneys' costs amounting to $243.24, and petitioner's costs amounting to $400.00, for a total of $14,554.24.  *Id*. at 1.

In a separate filing and in accordance with General Order #9, petitioner's counsel represents that petitioner incurred costs of $400.00 and petitioner's counsel incurred costs of $243.24. (ECF No. 27).

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300 aa-15(e).  Based on the reasonableness of petitioner's request, the undersigned GRANTS petitioner's supplemental request for payment of attorneys' fees and costs.[3]

---

[3] In other cases the undersigned has reduced attorneys' fees where multiple attorneys worked on a file. Due to the overall reasonable amount of fees sought in this particular case, the undersigned will not reduce the fees.  However, the practice of having multiple attorneys work on a file is discouraged, and may result in a reduction in fees in other cases.

**Accordingly, the undersigned awards:**

- **A lump sum of $14,154.24[4], representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner, Christine Haley, and petitioner's counsel, Conway, Homer & Chin-Caplan, P.C.; and**

- **A lump sum of $400.00, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner, Christine Haley.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).